**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-2319**

———————————

FRANCIS ANYU,

                                                    Petitioner,

        versus

JOHN ASHCROFT, Attorney General,

                                                    Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-466-186)

———————————

Submitted:  December 10, 2004        Decided:  January 11, 2005

———————————

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Theodore Nkwenti, Silver Spring, Maryland, for Petitioner. Peter D.
Keisler, Assistant Attorney General, Richard M. Evans, Assistant
Director, Carl H. McIntyre, Jr., Senior Litigation Counsel,
Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Francis Anyu, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Anyu challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Anyu fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Anyu's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Anyu fails to show that he

- 2 -

is eligible for asylum, he cannot meet the higher standard for withholding of removal.[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]Anyu's brief merely asserts, without supporting argument, that the immigration judge erred in denying him protection under the Convention Against Torture. He has therefore waived appellate review of this claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).